IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER FARST**, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION NO. 1:22-CV-1433 |
| | : | (Judge Conner) |
| **Plaintiff** | : : | |
| v. | : : | |
| **MICHAELS STORES, INC.**, | : : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 22nd day of November, 2023, upon consideration of the motion (Doc. 43) filed by defendant Michaels Stores, Inc. ("Michaels") to dismiss plaintiff Jennifer Farst's amended complaint (Doc. 37) pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), and further upon consideration of the parties' respective briefs in support of and in opposition to said motion, (see Docs. 44, 47, 54), and their various notices of supplemental authority, (see Docs. 56, 59-71), and the court noting that when assessing a motion to dismiss under Rule 12(b)(1), it is the plaintiff's burden to establish jurisdiction, see Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977),[1] and the court "must only

---

[1] Such jurisdictional challenges take one of two forms: (1) parties may levy a "factual" attack, arguing that one or more of the pleading's factual allegations are untrue, removing the action from the court's jurisdictional ken; or (2) they may assert a "facial" challenge, which assumes the veracity of the complaint's allegations but nonetheless argues that a claim is not within the court's jurisdiction. See Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (quoting CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)). Michaels raises a facial challenge to Farst's amended complaint. (See Doc. 44 at 7).

consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," see Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891; Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)), and the court further observing that Article III standing requires allegations that, *inter alia*, plaintiff "suffered an injury in fact," see Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)),[2] and when alleging an intangible harm, a plaintiff need not show "an exact duplicate in American history and tradition" but must at least identify "a close historical or common-law analogue for their asserted injury," see TransUnion, 141 S. Ct. at 2204, and the court noting that, in the matter *sub judice*, Farst's allegations that Michaels intercepted her private information by using session replay software on its public website, (see Doc. 37 ¶¶ 5, 15, 24, 70), are substantially similar, and in some respects identical, to allegations that this court recently deemed insufficient to establish Article III standing in an analogous case because they are not closely related to an injury recognized at common law, see Matthew Farst v. AutoZone, Inc., No. 1:22-CV-1435, Doc. 54 at 6-13 (M.D. Pa. Nov. 1, 2023)

---

[2] To establish an injury in fact, a plaintiff must show she "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." See Spokeo, 578 U.S. at 339 (quoting Lujan, 504 U.S. at 560) (cleaned up). A plaintiff must allege she suffered a concrete injury "even in the context of a statutory violation." See TransUnion LLC v. Ramirez, 594 U.S. ___, 141 S. Ct. 2190, 2205 (2021) (quoting Spokeo, 578 U.S. at 341); see also Kamal v. J. Crew Grp., Inc., 918 F.3d 102, 110-11 (3d Cir. 2019). Concrete injuries fall into two broad categories: tangible and intangible harms. See TransUnion, 141 S. Ct. at 2204.

(Conner, J.); see also id. Doc. 1,[3] and the court observing that Farst added the acronym "PII"—short for "personally identifiable information"—to her amended complaint four times after the court granted her leave to amend, but she failed to articulate what, if any, personal information she actually disclosed on Michaels' website, (see Doc 37 ¶¶ 4, 30, 41, 46), and the court determining that Farst's conclusory allegations are legally untenable, see Mathias v. Kershaw, No. 1:09-CV-1515, 2010 WL 1329067, at *2-3 (M.D. Pa. Mar. 29, 2010) (Conner, J.), and the court finding that Farst has failed to plausibly allege a concrete, intangible injury "with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," see TransUnion, 141 S. Ct. at 2204 (citing Spokeo, 578 U.S. at 340-41),[4] and incorporating by reference the court's reasoning from our recent

---

[3] Like the plaintiff in AutoZone, Farst unpersuasively argues that, simply by visiting and shopping on Michaels' public website, which allegedly tracks customers' browsing history, she suffered harms analogous to the common-law privacy torts of intrusion upon seclusion and public disclosure of private information. (See Doc. 47 at 2-6). Farst's amended complaint similarly lacks any allegations that Michaels engaged in deceit or made any sort of promise not to record her interactions on its publicly accessible website—the kinds of allegations that our court of appeals has found sufficient to establish Article III standing. See *In re* Google Inc. Cookie Placement Consumer Priv. Litig., 934 F.3d 316, 325 (3d Cir. 2019); *In re* Nickelodeon Consumer Priv. Litig., 827 F.3d 262, 295 (3d Cir. 2016).

[4] Other courts within our circuit have similarly found that a company's tracking of a customer's shopping activity using session replay software is not closely related to a common-law privacy tort. See, e.g., Cook v. GameStop, Inc., --- F. Supp. 3d ----, No. 2:22-CV-1292, 2023 WL 5529772, at *4-5 (W.D. Pa. Aug. 28, 2023); Massie v. Gen. Motors LLC, No. 21-CV-787, 2022 WL 534468, at *5 (D. Del. Feb. 17, 2022). Various courts in other circuits have reached the same conclusion based on similar allegations. See Popa v. PSP Grp., LLC, No. 23-294, 2023 WL 7001456, at *1, 4 (W.D. Wash. Oct. 24, 2023); Jones v. Bloomingdales.com, LLC, No. 4:22-CV-1095, 2023 WL 6064845, at *2 (E.D. Mo. Sept. 18, 2023); Adams v. PSP Grp., LLC, --- F. Supp. 3d ---, No 4:22-CV-1210, 2023 WL 5951784, at *7-8 (E.D. Mo. Sept. 13, 2023); Straubmuller v. Jetblue Airways Corp., No. 23-CV-384, 2023 WL 5671615, at *4-5 (D.

memorandum in AutoZone, see AutoZone, No. 1:22-CV-1435, Doc. 54, and the court concluding that Farst has thus failed to establish Article III standing, it is hereby ORDERED that:

1. Michaels' motion (Doc. 43) to dismiss pursuant to Rule 12(b)(1) is GRANTED.  Farst's amended complaint is DISMISSED for want of subject-matter jurisdiction and without prejudice.[5]

2. To the extent Michaels' motion (Doc. 43) seeks dismissal of Farst's amended complaint pursuant Rules 12(b)(2) and 12(b)(6), those grounds for the motion are DENIED as moot.

3. Farst is granted leave to file a second amended complaint within 21 days of the date of this order.

4. In the absence of a timely filed second amended complaint, the Clerk of Court shall CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Court
Middle District of Pennsylvania

---

Md. Sept. 1, 2023); Mikulsky v. Noom, Inc., --- F. Supp. 3d ----, No. 3:23-CV-285, 2023 WL 4567096, at *5 (S.D. Cal. July 17, 2023); Lightoller v. Jetblue Airways Corp., No. 23-CV-361, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023); Byars v. Sterling Jewelers, Inc., No. 5:22-CV-1456, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023); see also I.C. v. Zynga, Inc., 600 F. Supp. 3d 1034, 1049-50 (N.D. Cal. 2022); Goldstein v. Costco Wholesale Corp., 559 F. Supp. 3d 1318, 1321 (S.D. Fla. 2021).

[5] Courts generally should grant leave to amend when an amendment "is not facially meritless" and justice so requires.  See Newark Branch, N.A.A.C.P. v. Town of Harrison, 907 F.2d 1408, 1417 (3d Cir. 1990); see also FED R. CIV. P. 15(a)(2); cf. Phillips v. Allegheny County, 515 F.3d 224, 245 (3d Cir. 2008).  Farst does not seek leave to file a second amended complaint, but many of the deficiencies identified herein with respect to the concreteness of Farst's asserted injury are factual and thus potentially curable.  We will provide Farst an opportunity to cure these deficiencies by granting her leave to file a second amended complaint.